**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DANIEL OWENS,                                                                          PLAINTIFF

v.                                          3:22CV00324-JTK

SUSAN COX-DUFFEL, et al.                                                  DEFENDANTS

<u>**ORDER**</u>

Daniel Owens ("Plaintiff") was incarcerated at the Poinsett County Detention Center (the "Detention Center") at the time he filed this lawsuit under 42 U.S.C. § 1983 without the help of an attorney.  (Doc. No. 2 at 6).  Plaintiff sued Detention Center Administrator Patricia Marshall, Assistant Administrator Carlel Douglas, and Nurse Susan Cox-Duffel (collectively, "Defendants") in their official and personal capacities.  (<u>Id</u>. at 1-2).  Plaintiff alleged deliberate indifference to his serious medical needs.  (<u>Id</u>. at 4).

Defendants have filed a Motion for Summary Judgment on the merits of Plaintiff's claims, Brief in Support, and Statement of Facts. (Doc. Nos. 29-31).   Plaintiff has not responded and the time for doing so has passed.

After careful consideration, and for the reasons set out below, Defendants' Motion (Doc. No. 29) is GRANTED.

**I.      Plaintiff's Complaint**

Plaintiff's allegations are brief.   His statement of claim reads:

I have an Inspire implant in my chest for sleep apnea and without my remote I stop breathing 52 an hour and my oxygen rate drops to 71% and the nurse knows all of this and I put it on grievances that I need to call my lawyer to get him to call my ex wife to get my remote to my family to get them to bring the remote up here that has been approve by the nurse by the nurse and administration is [refusing] to let me make the phone call I need to my lawyer because my family can not contact my ex because of a no contact order just my lawyer can contact her for me.   This is a life

or death thing and they need to be [held] responsible for [their] action.   I want to sue for emotion pain [and] mental and physical suffering because this is stressful for them not letting me make a phone call to try and get some help.

(Doc. No. 2 at 4).

## II.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### III.    Facts and Analysis

Plaintiff alleged deliberate indifference to his serious medical needs.  Plaintiff's claim, however, does not deal specifically with the course of or lack of medical treatment as is often the case with deliberate indifference to serious medical needs claims.   Instead, Plaintiff claims that Defendants were aware that he needed the remote control for his Inspire implant, but did not allow him to make the call or calls required to get the remote control from family members outside the Detention Center.   (Doc. No. 29-1 at 34:14-34:23).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion.    He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts.   Accordingly, all material facts submitted by Defendants (Doc. No. 31) are deemed admitted.   Local Rule 56.1(c); FED. R. CIV. P. 56(e).

### A.    Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."   Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity claims are the equivalent of claims against Poinsett County.

A municipality like Poinsett County is a "person" as that term is used in 42 U.S.C. § 1983. For the purposes of Plaintiff's claims here, the Defendants are Poinsett County.   Plaintiff can establish liability against Poinsett County by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom.   Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).   This is standard applies equally to requests for injunctive relief.   See Hood v.

Norris, 189 F. App'x 580 (8th Cir. 2006).   A municipality may not be held liable "solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minnesota, 486 F.3d 385, 389 (8th Cir. 2007).

Plaintiff has not come forward with any evidence to establish that a Poinsett County custom or policy was the driving force behind the alleged violation of his rights.

### B.  Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs

Plaintiff identified himself as a pretrial detainee at the time of the incidents giving rise to this lawsuit.   (Doc. No. 2 at 3).   Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs.   Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020).   To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.   See Id.   "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).   "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

As mentioned above, Plaintiff's deliberate indifference claims are focused on the denial of a telephone call to ask others outside the Detention Center to bring Plaintiff the remote control for his Inspire implant.   Plaintiff first mentioned needing his remote in November 2022, not in June 2022 when he was first booked in.   (Doc. No. 29-1 at 17:4-17:21).   Plaintiff's deposition testimony makes it clear that Plaintiff was allowed to make calls.   No Defendant prevented Plaintiff from calling his lawyer for help; Plaintiff did not call his lawyer because "[he] thought

[his] daughter could get that remote." (Id. at 34:24-35:3). Plaintiff testified that he "did call [his] daughter" on or around November 10, 2022. (Id. at 13:24-14:3, 29:12-17). And Plaintiff's daughter had said she would be able to bring the device to the Detention Center. (Id. at 16:16-16:20). Plaintiff then called his daughter a second time. (Id. at 23:14-23:24). Ultimately, Plaintiff's daughter could not bring the device. (Id. at 23:14-23:24). Plaintiff asked his daughter to call his lawyer to get the remote control, but Plaintiff does not know if his daughter ever did so. (Doc. No. 29-1 at 23:25-24:14). Plaintiff, believed, however, that his daughter called, but was not able to speak to the attorney. (Id. at 35:4-35:12). Plaintiff was allowed to write his lawyer and did write his lawyer several times about the remote control, but Plaintiff does not know if his lawyer saw the letters. (Id. at 24:9-24:24). Notably, Plaintiff's calls were aimed at getting the remote control from his ex-wife, but Plaintiff did not know if his ex-wife was even in possession of the device because "she threw all of [Plaintiff's] stuff away." (Id. at 38:15-38:17). Plaintiff ultimately ordered a new remote control when he was released from custody. (Id. at 37:23-37:25). Plaintiff acknowledged that he never had a cardiac event while he was in the Detention Center because he had been provided an albuterol inhaler while he was there. (Id. at 38:21-39:2).

As mentioned above, Plaintiff did not contest any material fact submitted by Defendants. Plaintiff's deposition testimony contradicts the allegations in his Complaint. And his testimony establishes that he was allowed to write letters and make calls in an effort to obtain the remote control for his Inspire implant. Further, Plaintiff acknowledged that he suffered no harm as a result of not having the remote control—because he had been provided an albuterol inhaler while he was at the Detention Center.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.   Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).   No reasonable jury could find that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Defendants' Motion is granted and Plaintiff's claims against them are dismissed with prejudice.

## IV.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.     Defendants' Motion for Summary Judgment (Doc. No. 29) is GRANTED;

2.     Plaintiff's claims against Defendants are DISMISSED with prejudice.

Dated this   8th day of November, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE